UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OKLAHOMA FIREFIGHTERS PENSION　　　　:
AND RETIREMENT SYSTEM,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　:　　Civil Action
　　　　　　　　　　　　　　　　　　　　:　　No. 22-10200-WGY
　　　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
BIOGEN INC., MICHEL VOUNATSOS, and　:　　**<u>JURY TRIAL DEMANDED</u>**
ALISHA ALAIMO,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　　　:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
<u>TO PLAINTIFF'S ASSENTED TO CONFORMING COMPLAINT</u>**

Defendants Biogen Inc., Michel Vounatsos, and Alisha Alaimo (collectively,

"Defendants") by and through their undersigned attorneys, hereby set forth the following Answer

and Affirmative Defenses to Plaintiff's Assented To Conforming Complaint For Violation Of The

Securities Laws (the "Complaint") (ECF No. 203).  Defendants deny all of the Complaint's

allegations unless expressly admitted.

1.　　　　Defendants aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.　　　　Defendants deny the allegations contained in the first sentence of Paragraph 2 of

the Complaint.  Defendants admit the allegations contained in the second sentence of Paragraph

2 of the Complaint.

3.　　　　Defendants aver that the allegations contained in Paragraph 3 and footnote 1 of

the Complaint are Plaintiff's definitional conventions and legal conclusions to which no answer

is required.  To the extent that Paragraph 3 and footnote 1 of the Complaint may be deemed to

contain factual allegations to which a response is required, those allegations are denied.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

### ANSWER TO "I. INTRODUCTION" ALLEGATIONS

The heading immediately preceding Paragraph 6 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 6 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in the first and second sentences of Paragraph 7 of the Complaint. Defendants deny the allegations contained in the third and fourth sentences of Paragraph 7 of the Complaint, except admit that an FDA-approved treatment for Alzheimer's disease would benefit patients and caregivers. Defendants admit the allegations contained in the fifth sentence of Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in the first and second sentences of Paragraph 8 of the Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 8 of the Complaint, except admit that the quoted language is copied from a June 7, 2021 Raymond James & Associates analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a February 3, 2020 conference transcript and an April 22, 2021 conference transcript. Answering further, Defendants refer to those documents for their complete and accurate contents.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations contained in the first sentence of Paragraph 11 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 11 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 Biogen press release.  Answering further, Defendants refer to that press release for its complete and accurate contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph 11 of the Complaint, except admit that on June 23, 2021 Bloomberg Business News published a news article titled "Biogen Expects Slow Alzheimer's Drug Uptake, May Reset Price."  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the fifth and sixth sentences of Paragraph 11 of the Complaint, except admit that on June 23, 2021, United States Senators Elizabeth Warren and William Cassidy published a letter concerning Aduhelm.  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the seventh sentence of Paragraph 11 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 the Boston Globe article. Answering further, Defendants and refer to that document for its complete and accurate contents.

12.    Defendants deny the allegations contained in Paragraph 12 of the Complaint, except admit that on July 12, 2021, CMS announced that it was conducting a National Coverage Determination analysis.  Answering further, Defendants refer to that announcement for its complete and accurate contents.

13.    Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## ANSWER TO "II. JURISDICTION AND VENUE" ALLEGATIONS

The heading immediately preceding Paragraph 18 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 18 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

18.    Defendants aver that the allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants aver that the allegations contained in Paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.    Defendants aver that the allegations contained in Paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants aver that the allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

## ANSWER TO "III. PARTIES" ALLEGATIONS

The heading immediately preceding Paragraph 22 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 22 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

22.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint, except admit that Mr. Vounatsos was Biogen's Chief Executive Officer during the Class Period.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that Ms. Alaimo was the President of Biogen U.S. during the Class Period.

26.    Defendants aver that the allegations contained in Paragraph 26 of the Complaint are Plaintiff's definitional conventions to which no answer is required.  To the extent that Paragraph 26 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

**ANSWER TO "IV. SUBSTANTIVE ALLEGATIONS" ALLEGATIONS**

The heading immediately preceding Paragraph 28 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 28 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

28.    Defendants admit the allegations contained in the first and second sentences of Paragraph 28 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 28 of the Complaint, except admit that Aduhelm is a human IgG1 anti-amyloid monoclonal antibody that addresses a defining pathology of Alzheimer's disease by reducing amyloid beta plaque in the brain.  Defendants deny the allegations contained in the fourth sentence of Paragraph 28 of the Complaint, except admit that the presence of amyloid beta may

5

be correlated with Alzheimer's disease.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the findings of "some research."

### A.    Answer to "Biogen's Aging Line of Products and Need for a Blockbuster Replacement" Allegations

The heading immediately preceding Paragraph 29 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 29 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint, except admit that Biogen is a leading global technology company that pioneers science and drives innovations for complex and devastating diseases, including multiple sclerosis and spinal muscular atrophy.

30.    Defendants deny the allegations contained in the first sentence of Paragraph 30 of the Complaint, except admit that Biogen developed and commercialized Tecfidera.  Defendants deny the allegations contained in the second sentence of Paragraph 30 of the Complaint, except admit that Plaintiff purports to summarize certain of Biogen's publicly available SEC filings and public statements.  Answering further, Defendants refer to the contents of those SEC filings and transcripts containing those statements for their complete and accurate contents.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint, and lack knowledge or information sufficient to form a belief as to the truth of the unspecified "Valens research analysis."  Answering further, Defendants refer to the unspecified "Valens research analysis" for its complete and accurate contents.

6

32.    Defendants deny the allegations contained in the first, second, third, fourth and fifth sentences of Paragraph 32 of the Complaint, except admit that Plaintiff purports to quote from and summarize a February 16, 2018 Argus Research analyst report.  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the sixth sentence of Paragraph 32 of the Complaint, except admit that Biogen's product line included Tecfidera and Spinraza.  Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the seventh and eighth sentences of Paragraph 32 of the Complaint.  Defendants deny the allegations contained in the ninth sentence of Paragraph 32 of the Complaint, except admit that Plaintiff purports to quote from and summarize an August 23, 2018 Argus Research analyst report.  Answering further, Defendants refer to that document for its complete and accurate contents.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint, except admit that Biogen conducted Phase III trials of Aduhelm beginning in approximately 2017, and that a futility analysis is an interim evaluation of data in a clinical trial used to make statistical assumptions about the expected final outcome of the trial.

34.    Defendants deny the allegations contained in the first sentence of Paragraph 34 of the Complaint, except admit that on March 21, 2019 Biogen and Eisai issued a press release announcing its decision to discontinue Phase 3 trials of Aduhelm based on the results of a futility analysis which indicated that the trials were unlikely to meet their primary endpoint upon completion.  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants aver that they lack knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 34 of the Complaint.

Defendants deny the allegations contained in the third, fourth and fifth sentences of Paragraph 34 of the Complaint, except admit that Plaintiff purports to quote from and summarize a March 21, 2019 Guggenheim Securities analyst report and a March 21, 2019 Cannacord Genuity analyst report. Answering further, Defendants refer to those documents for their complete and accurate contents.

35.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 35 of the Complaint, except admit that Plaintiff purports to summarize a May 6, 2019 Argus Research analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

36.    Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that Plaintiff purports to summarize certain of Biogen's SEC filings. Answering further, Defendants refer to those documents for their complete and accurate contents.

38.    Defendants deny the allegations contained in the first sentence of Paragraph 38 of the Complaint, except admit that Plaintiff purports to summarize certain of Biogen's SEC filings. Answering further, Defendants refer to those documents for their complete and accurate contents. Defendants deny the allegations contained in the second and third sentences of Paragraph 38 of the Complaint, except admit that the quoted language is copied from a February 3, 2021 Guggenheim Securities analyst report. Answering further, Defendants refer to that report for its complete and accurate contents. Defendants aver that they lack knowledge or information

8

to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint, except admit that Plaintiff purports to quote from and summarize certain internal Biogen presentations. Answering further, Defendants refer to those documents for their complete and accurate contents.

### B.    Answer to "The Development, Failure, and Resurrection of Aduhelm" Allegations

The heading immediately preceding Paragraph 40 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 40 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that Biogen licensed Aduhelm from Neurimmune AG and Biogen conducted a Phase I trial.

41.     Defendants admit the allegations contained in the first sentence of Paragraph 41 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 41 of the Complaint, except admit that Biogen conducted two Phase III trials of Aduhelm. Defendants admit the allegations contained in the third and fourth sentences of Paragraph 41 of the Complaint. The fifth and sixth sentences of Paragraph 41 of the Complaint contain no factual allegations and thus no response is required. To the extent that the fifth and sixth sentences of Paragraph 41 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except Defendants admit that Phase III trials study efficacy and safety. Defendants deny the allegations contained in the seventh

9

sentence of Paragraph 41 of the Complaint and, answering further, aver that its reference to "considerable resources" is too vague to be susceptible of a response.

42.      Defendants deny the allegations contained in the first and second sentences of Paragraph 42 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 42 of the Complaint.  Defendants deny the allegations contained in the fourth sentence of Paragraph 42 of the Complaint, except admit that an analysis of the data from the Phase III trials was conducted.

43.      Defendants deny the allegations contained in Paragraph 43 of the Complaint, except admit that an independent, external team examined data from the ENGAGE and EMERGE Phase 3 trials and determined that prespecified futility criteria had been met, and that Biogen determined to terminate the Phase 3 trials as a result.

44.      Defendants deny the allegations contained in the first sentence of Paragraph 44 of the Complaint, except admit that on March 21, 2019, Biogen issued a press release announcing the decision to discontinue the Phase 3 trials in light of the futility analysis.  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 44 of the Complaint, except admit that the closing price for Biogen stock was $320.59 on March 20, 2019 and the closing price for Biogen stock was $226.88 on March 21, 2019.  Defendants deny the allegations contained in the third sentence of Paragraph 44 of the Complaint.

45.      Defendants deny the allegations contained in Paragraph 45 of the Complaint, except admit that Stat News published an article on June 29, 2021 purporting to report on Aduhelm's approval process, and that certain governmental entities have investigated Aduhelm's

approval process.  Answering further, Defendants refer that document for its complete and accurate contents.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint, except admit that on June 14, 2019, Biogen and the FDA participated in a Type C meeting, and that Biogen and FDA continued to meet periodically to discuss Aduhelm's potential approval.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos and Dr. Sandrock is copied from an October 22, 2019 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

48.    Defendants deny the allegations contained in the first and second sentences of Paragraph 48 of the Complaint, except admit that Biogen issued a press release on July 8, 2020 announcing that it had completed its submission of a Biologics License Application to the FDA and that Biogen's Form 10-Q filed July 22, 2020 referenced the completion of that submission, and, answering further, refer to those documents for their complete and accurate contents. Defendants deny the allegations contained in the third sentence of Paragraph 48 of the Complaint, except admit that Biogen conducted an earnings call on July 22, 2020.  Defendants deny the allegations contained in the fourth sentence of Paragraph 48 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a transcript of the July 22, 2020 earnings call.  Answering further, Defendants refer to that document for its complete and accurate contents.

49.    Defendants admit the allegations contained in the first sentence of Paragraph 49 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 49 of the Complaint, and, answering further, refer to the public record of the PCNS

11

Advisory Committee for the results of its vote. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

**C.    Answer to "Defendants' Pre-Class Period
Statements Primed the Market to Expect Sales of Aduhelm
to Take Off Immediately Following FDA Approval" Allegations**

The heading immediately preceding Paragraph 51 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 51 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

51.    Defendants admit the allegations contained in the first sentence of Paragraph 51 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 51 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a February 3, 2021 conference transcript. Answering further, Defendants refer to that document for its complete and accurate contents.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a February 3, 2021 conference transcript. Answering further, Defendants refer to that document for its complete and accurate contents.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants admit the allegations contained in Paragraph 54 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 54 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a

March 1, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a March 1, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

56.     Defendants deny the allegations contained in the first sentence of Paragraph 56 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in the first sentence of Paragraph 57 of the Complaint.  Defendants admit the allegations contained in the second sentence of Paragraph 57 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 57 of the Complaint, except admit that the FDA granted accelerated approval of Aduhelm.

58.     Defendants admit the allegations contained in the first sentence of Paragraph 58 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 58 of the Complaint, except admit that Plaintiff purports to summarize the discussion during the April 22, 2021 earnings call.  Answering further, Defendants refer to the transcript of that call for its complete and accurate contents.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from an April 22,

2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

60.    Defendants deny the allegations contained in Paragraph 60 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from an April 22, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

61.    Defendants deny the allegations contained in Paragraph 61 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from an April 22, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

D.    **Answer to "The FDA's Controversial Approval of Aduhelm" Allegations**

The heading immediately preceding Paragraph 62 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 62 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

62.    Defendants deny the allegations contained in Paragraph 62 of the Complaint, except admit that on June 7, 2021, the FDA announced that it approved Aduhelm using the accelerated approval pathway.  Answering further, Defendants refer to that announcement for its complete and accurate contents.

E.    **Answer to "Biogen Announced the Launch of Aduhelm" Allegations**

The heading immediately preceding Paragraph 63 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 63 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

14

63.    Defendants admit the allegations contained in the first and second sentences of Paragraph 63 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 63 of the Complaint, except admit that the closing price of Biogen stock was $286.14 on June 4, 2021 and the closing price of Biogen stock was $395.85 on June 7, 2021.

64.    Defendants deny the allegations contained in Paragraph 64 of the Complaint, except admit that the opening price of Biogen stock was $295.35 on June 7, 2021 and the closing price of Biogen stock was $395.85 on June 7, 2021.

65.    Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that the quoted language attributed to Noah Higgins-Dunn is copied from two June 7, 2021 Questex analyst reports.  Answering further, Defendants refer to those documents for their complete and accurate contents.

66.    Defendants deny the allegations contained in Paragraph 66 of the Complaint, except admit that the quoted language attributed to Yatin Suneeja is copied from a June 7, 2021 Guggenheim analyst report, the quoted language attributed to Oppenheimer is copied from a June 7, 2021 Oppenheimer analyst report, and the quoted language attributed to MorningStar is copied from a June 7, 2021 MorningStar analyst report.  Answering further, Defendants refer to those documents for their complete and accurate contents.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint, except admit that the quoted language is copied from a June 7, 2021 Bloomberg Business News article.  Answering further, Defendants refer to that document for its complete and accurate contents.

F.    **Answer to "Defendants' False and Misleading Statements" Allegations**

The heading immediately preceding Paragraph 68 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

15

preceding Paragraph 68 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

**1.     Answer to "Defendants Falsely Represented that Biogen Had Engaged with Payers on the Price of Aduhelm" Allegations**

The heading immediately preceding Paragraph 69 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 69 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint, except admit that the quoted language is copied from a June 7, 2021 press release.  Answering further, Defendants refer to that document for its complete and accurate contents.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint, except admit the language attributed to Mr. Vounatsos is copied from a transcript of a June 7, 2021 CNBC Power Lunch interview.  Answering further, Defendants refer to that document for its complete and accurate contents.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a June 8, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint, except admit that the quoted language is copied from a June 8, 2021 conference transcript. Answering further, Defendants refer to that document for its complete and accurate contents.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 74 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 74 and footnote 3 of the Complaint, except admit that the quoted language attributed to Mr. Yee is copied from his December 19, 2024 deposition transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants aver that the allegations contained in footnote 2 of the Complaint are Plaintiff's definitional conventions to which no answer is required.  To the extent that footnote 2 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint as materially incomplete and, answering further, Defendants refer to the cited document for its complete and accurate contents.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint as materially incomplete and, answering further, Defendants refer to the cited document for its complete and accurate contents.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint, except admit that the quoted language is copied from a June 2021 internal Biogen email exchange.  Answering further, Defendants refer to that document for its complete and accurate contents.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint, except admit that the quoted language is copied from a June 2021 internal Biogen email

exchange.  Answering further, Defendants refer to that document for its complete and accurate contents.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint, except admit that the quoted language is copied from a June 2021 internal Biogen email exchange.  Answering further, Defendants refer to that document for its complete and accurate contents.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint, except admit that the quoted language attributed to Ms. Gassenbach is copied from her November 5, 2024 deposition transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint and, answering further, refer to the deposition transcripts of Mr. Vounatsos and Mr. Guindo for a complete and accurate description of their testimony.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint, except admit that the quoted language attributed to Mr. Guindo is copied from his January 7, 2025 deposition transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from his January 10, 2025 deposition transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from his January 10,

2025 deposition transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

86.    Defendants deny the allegations contained in Paragraph 86 of the Complaint, except admit that the quoted language attributed to Mr. Manquin is copied from his November 12, 2024 deposition transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

87.    Defendants deny the allegations contained in Paragraph 87 of the Complaint, except admit that the quoted language is copied from a June, 2 2021 internal Biogen presentation.  Answering further, Defendants refer to that document for its complete and accurate contents.

88.    Defendants deny the allegations contained in Paragraph 88 of the Complaint and, answering further, refer to the deposition transcripts of Mr. Vounatsos, Mr. Guindo and Mr. Leibman for a complete and accurate description of their testimony.

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint, except admit that the quoted language is copied from a May 2020 internal Biogen email exchange.  Answering further, Defendants refer to that document for its complete and accurate contents.

90.    Defendants deny the allegations contained in the first sentence of Paragraph 90 of the Complaint, except admit that Mr. Vounatsos met with Seema Verma in September 2020. Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint, except admit that the quoted language is copied from two internal Biogen documents.  Answering further, Defendants refer to those documents for their complete and accurate contents.

19

91.     Defendants deny the allegations contained in the first sentence of Paragraph 91, except admit that a Briefing Book concerning aducanumab was submitted to CMS in January 2021.  Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint, except admit that the quoted language is copied from the referenced "CMS Briefing Book." Answering further, Defendants refer to that document for its complete and accurate contents.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint and, answering further, refer to the cited documents for a complete and accurate description of their contents.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

**2.      Answer to "Defendants Falsely Represented that Medicare Coverage for Aduhelm is 'Automatically Presumed with FDA Approval'" Allegations**

The heading immediately preceding Paragraph 95 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 95 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a June 8, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint, except admit that the quoted language is copied from a June 8, 2021 conference transcript. Answering further, Defendants refer to that document for its complete and accurate contents.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint, except admit that the quoted language attributed to Ms. Alaimo is copied from a June 8, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

98.    Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint, except admit that the quoted language is copied from two internal Biogen documents. Answering further, Defendants refer to those documents for their complete and accurate contents.

102.    Defendants deny the allegations contained in the first and second sentences of Paragraph 102 of the Complaint as materially incomplete and, answering further, Defendants refer to the cited document for its complete and accurate contents.  Defendants deny the remaining allegations contained in Paragraph 102 of the Complaint, except admit the quoted language is copied from an internal Biogen document.  Answering further, Defendants refer to that document for its complete and accurate contents.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint, except admit that the quoted language is copied from an internal Biogen document appended to a report prepared by the United States House of Representatives Committee on Oversight and Reform and Committee on Energy and Commerce.  Defendants refer to that document for its complete and accurate contents.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint, except admit that the quoted language is copied from two internal Biogen documents. Answering further, Defendants refer to those documents for their complete and accurate contents.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint, except admit that the quoted language is copied from two internal Biogen documents. Answering further, Defendants refer to those documents for their complete and accurate contents.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint, except admit that the quoted language is copied from an internal Biogen document. Answering further, Defendants refer to that document for its complete and accurate contents.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

**G. Answer to "The Market Slowly Learned that Obstacles to Commercializing Aduhelm, Which Has Been Concealed by Defendants' Misrepresentations and Omissions, Meant that Aduhelm Would Not Be a Blockbuster Drug" Allegations**

**1. Answer to "Investors Learn on June 24 that Medicare Coverage Is Not Automatic and Biogen Was Considering Lowering Aduhelm' Price" Allegations**

The two headings immediately preceding Paragraph 110 of the Complaint contains no factual allegations and thus no response is required. To the extent that the two headings immediately preceding Paragraph 110 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

22

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint, except admit that the quoted language is copied from a June 12, 2021 press release issued by the Alzheimer's Association.  Answering further, Defendants refer to that document for its complete and accurate contents.

111.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 111 of the Complaint and, answering further, aver that its reference to "persons in a position to directly influence CMS's decision" is too vague to be susceptible of a response.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint, except admit that the quoted language attributed to United States Senator Bernie Sanders is copied from a June 23, 2021 Twitter post.  Answering further, Defendants refer to that document for its complete and accurate contents.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 Biogen press release and a June 23, 2021 Bloomberg Business News article.  Answering further, Defendants refer to those documents for their complete and accurate contents.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 Boston Globe article.  Answering further, Defendants refer to that document for its complete and accurate contents.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 STAT+ article.  Answering further, Defendants refer to that document for its complete and accurate contents.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 letter signed by United States Senators Elizabeth Warren and Bill Cassidy.  Answering further, Defendants refer to that letter for its complete and accurate contents.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint, except admit that the quoted language attributed to Department of Health and Human Services Secretary Xavier Becerra were made during the referenced interview.  Answering further, Defendants refer to the video of that interview, available on YouTube, for its complete and accurate contents.

118.    Defendants admit the allegations contained in Paragraph 118 of the Complaint and, answering further, refer to Ms. Zhang's Twitter post for its complete and accurate contents.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint, except admit the closing price for Biogen stock was $371.90 on June 23, 2021 and the closing price for Biogen stock was $349.16 on June 24, 2021.

### 2.    Answer to "CMS Announces the Opening of an NCD on July 12, 2021" Allegations

The heading immediately preceding Paragraph 120 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 120 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint and, answering further, refer to CMS' July 12, 2021 statement for its complete and accurate contents.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint, except admit that Biogen's stock price rose on July 13, 2021.

122.     Defendants deny the allegations contained in Paragraph 122 of the Complaint, except admit that the quoted language is copied from a July 12, 2021 analyst report.  Answering further, Defendants refer to that document for its complete and accurate contents.

123.     Defendants deny the allegations contained in Paragraph 123 of the Complaint, except admit that the quoted language is copied from a July 12, 2021 Jefferies analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

124.     Defendants deny the allegations contained in Paragraph 124 of the Complaint, except admit that the quoted language is copied from a July 12, 2021 Guggenheim analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint, except admit that the quoted language is copied from a July 12, 2021 Truist analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

126.     Defendants deny the allegations contained in Paragraph 126 of the Complaint, except admit that the quoted language is copied from a July 13, 2021 UBS analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

127.     Defendants deny the allegations contained in Paragraph 127 of the Complaint, except admit that Plaintiff purports to summarize a July 13, 2021 Guggenheim analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint, except admit that the quoted language attributed to Mr. Vounatsos is copied from a September 9, 2021 conference transcript.  Answering further, Defendants refer to that document for its complete and accurate contents.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint, except admit that the quoted language is copied from a September 9, 2021 Bloomberg Business News article. Answering further, Defendants refer to that document for its complete and accurate contents.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint, except admit that the opening price of Biogen stock was $322.00 on September 9, 2021 and the closing price of Biogen stock was $300.15 on September 9, 2021.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint, except admit that the quoted language is copied from a Guggenheim Securities analyst report. Answering further, Defendants refer to that document for its complete and accurate contents.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint and, answering further, refer to Biogen's December 20, 2021 press release for its complete and accurate contents.

133.    Defendants deny the allegations contained the first sentence of Paragraph 133 of the Complaint, except admit that on January 11, 2022, CMS released a proposed National Coverage Determination decision memorandum concerning the proposed scope of Medicare coverage of aducanumab. Answering further, Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the second, third, fourth and fifth sentences of Paragraph 133 of the Complaint, except admit that Plaintiff purports to summarize the January 11, 2022 CMS proposed decision memorandum concerning aducanumab. Answering further, Defendants refer to that document for its complete and accurate contents. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of Paragraph 133 of the Complaint.

26

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint, except admit that Biogen announced in its Form 10-K for the year ending December 31, 2021 (dated February 3, 2022) investigations by the U.S. Federal Trade Commission and the U.S. Securities and Exchange Commission concerning Aduhelm.  Answering further, Defendants refer to that document for its complete and accurate contents.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint, except admit that on March 16, 2022, The Journal of Prevention of Alzheimer's Disease published a peer-reviewed manuscript including data from the Phase 3 EMERGE and ENGAGE trials for Aduhelm.

136.    Defendants deny the allegations contained in the first and second sentences of Paragraph 136 of the Complaint, except admit that Plaintiff purports to summarize a press release issued by Biogen on May 3, 2022.  Answering further, Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third and fourth sentences of Paragraph 136 of the Complaint, except admit that the quoted language is copied from a May 3, 2022 Wall Street Journal article.  Answering further, Defendants refer to that document for its complete and accurate contents.

### H.    Answer to "Class Action Allegations" Allegations

The heading immediately preceding Paragraph 137 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 137 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

137.    Defendants aver that the allegations contained in Paragraph 137 of the Complaint are Plaintiff's definitional conventions and legal conclusions to which no answer is required.  To

27

the extent that Paragraph 137 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

138.    Defendants aver that the allegations contained in Paragraph 138 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 138 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

139.    Defendants aver that the allegations contained in Paragraph 139 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 139 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

140.    Defendants aver that the allegations contained in Paragraph 140 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 140 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

141.    Defendants aver that the allegations contained in Paragraph 141 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 141 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

142.    Defendants aver that the allegations contained in Paragraph 142 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 142 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## I.    Answer to "Fraud On the Market" Allegations

The heading immediately preceding Paragraph 143 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 143 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

143.    Defendants aver that the allegations contained in Paragraph 143 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 143 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

144.    Defendants aver that the allegations contained in Paragraph 144 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 144 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

145.    Defendants aver that the allegations contained in Paragraph 145 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 145 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

146.    Defendants aver that the allegations contained in Paragraph 146 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 146 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

147.    Defendants aver that the allegations contained in Paragraph 147 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 147

of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### J.    Answer to "No Safe Harbor" Allegations

The heading immediately preceding Paragraph 148 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 148 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

148.    Defendants aver that the allegations contained in Paragraph 148 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 148 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

149.    Defendants aver that the allegations contained in Paragraph 149 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 149 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

150.     Defendants aver that the allegations contained in Paragraph 150 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 150 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### K.    Answer to "Loss Causation" Allegations

The heading immediately preceding Paragraph 151 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 151 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

151.    Defendants aver that the allegations contained in Paragraph 151 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 151 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

152.    Defendants aver that the allegations contained in Paragraph 152 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 152 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

153.    Defendants aver that the allegations contained in Paragraph 153 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 153 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 Biogen press release and a June 23, 2021 Bloomberg Business News article.  Answering further, Defendants refer to those documents for their complete and accurate contents.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint, except admit that the quoted language attributed to United States Senator Bernie Sanders is copied from a June 23, 2021 Twitter post.  Answering further, Defendants refer to that document for its complete and accurate contents.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint, except admit that Plaintiff purports to summarize a June 23, 2021 Boston Globe article.  Answering further, Defendants refer to that document for its complete and accurate contents.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 STAT+ article.  Answering further, Defendants refer to that document for its complete and accurate contents.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint, except admit that the quoted language is copied from a June 23, 2021 letter signed by United States Senators Elizabeth Warren and Bill Cassidy.  Answering further, Defendants refer to that letter for its complete and accurate contents.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint, except admit that the quoted language attributed to Department of Health and Human Services Secretary Xavier Becerra were made during the referenced interview.  Answering further, Defendants refer to the video of that interview, available on YouTube, for its complete and accurate contents.

160.    Defendants admit the allegations contained in Paragraph 160 of the Complaint and, answering further, refer to Ms. Zhang's Twitter post for its complete and accurate contents.

161.    Defendants admit the allegations contained in the first and second sentences of Paragraph 161 of the Complaint. Defendants aver that the allegations contained in the third sentence of Paragraph 161 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that the third sentence of Paragraph 161 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

162.    Defendants deny the allegations contained in the first sentence of Paragraph 162 of the Complaint, except admit that Plaintiff purports to summarize a June 28, 2021 Wall Street Journal article.  Answering further, Defendants refer to that document for its complete and

accurate contents.  Defendants admit the allegations contained in the second sentence of Paragraph 162 of the Complaint.  Defendants aver that the allegations contained in the third sentence of Paragraph 162 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that the third sentence of Paragraph 162 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

163.     Defendants deny the allegations contained in the first sentence of Paragraph 163 of the Complaint, except admit that the closing price of Biogen stock was $380.91 on June 21, 2021 and the closing price of Biogen stock was $340.27 on June 28, 2021.  Defendants aver that the allegations contained in the second sentence of Paragraph 163 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that the second sentence of Paragraph 163 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

164.     Defendants aver that the allegations contained in Paragraph 164 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 164 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "V. COUNT I" ALLEGATIONS

**Answer to "Violation of § 10(b) of the Exchange Act and
Rule 10b-5 Promulgated Thereunder (Against All Defendants") Allegations**

The two headings immediately preceding Paragraph 165 of the Complaint contain no factual allegations and thus no response is required.  To the extent that the two headings immediately preceding Paragraph 165 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

33

165.    Defendants aver that Paragraph 165 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 165 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, and, answering further, Defendants repeat and reassert each and every response contained in the foregoing Paragraphs, 1-164, as if fully set forth herein.

166.    Defendants aver that Paragraph 166 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 166 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

167.    Defendants aver that the allegations contained in Paragraph 167 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 167 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

168.    Defendants aver that the allegations contained in Paragraph 168 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 168 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

169.    Defendants aver that the allegations contained in Paragraph 169 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 169 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

170.    Defendants aver that the allegations contained in Paragraph 170 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 170

of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

171.    Defendants aver that the allegations contained in Paragraph 171 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 171 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

172.    Defendants aver that the allegations contained in Paragraph 172 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 172 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

173.     Defendants aver that the allegations contained in Paragraph 173 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 173 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "VI. COUNT II" ALLEGATIONS

### Answer to "For Violation of § 20(a) of the Exchange Act (Against the Individual Defendants)" Allegations

The two headings immediately preceding Paragraph 174 of the Complaint contain no factual allegations and thus no response is required.  To the extent that the two headings immediately preceding Paragraph 174 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

174.     Defendants aver that Paragraph 174 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 174 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations

are denied, and, answering further, Defendants repeat and reassert each and every response contained in the foregoing Paragraphs, 1-173, as if fully set forth herein.

175. Defendants aver that Paragraph 175 of the Complaint contains no factual allegations and thus no response is required. To the extent that Paragraph 175 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

176. Defendants aver that the allegations contained in Paragraph 176 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 176 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

177. Defendants aver that the allegations contained in Paragraph 177 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 177 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

178. Defendants aver that the allegations contained in Paragraph 178 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 178 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

179. Defendants aver that the allegations contained in Paragraph 179 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 179 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

180. Defendants aver that the allegations contained in Paragraph 180 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 180

of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "PRAYER FOR RELIEF" ALLEGATIONS

The heading entitled "Prayer for Relief" in the Complaint contains no factual allegations and thus no response is required. To the extent that the heading entitled "Prayer for Relief" in the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

Defendants deny the allegations contained in the Complaint's "Prayer for Relief" (including subparagraphs "(a)" through "(d)") and deny that Plaintiff is entitled to any relief whatsoever.

### ANSWER TO "DEMAND FOR JURY TRIAL" ALLEGATIONS

The heading entitled "Demand for Jury Trial" in the Complaint contains no factual allegations and thus no response is required. To the extent that the heading entitled "Demand for Jury Trial" in the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

Defendants aver that Plaintiff's "Demand for Jury Trial" allegations are Plaintiff's legal conclusions to which no answer is required. To the extent that Plaintiff's "Demand for Jury Trial" allegations may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff represents are barred, in whole or in part, because Defendants did not misrepresent any alleged fact or omit any alleged fact that Defendants were under a duty to disclose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff represents are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff represents are barred, in whole or in part, because the alleged losses, if any, were not caused by the alleged misrepresentations and omissions upon which the claims are based.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff represents are barred, in whole or in part, because Defendants did not act with the requisite scienter.

### SIXTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiff suffered damages in any amount, or that any of Defendants are or should be liable for any such damages, to the extent that Plaintiff failed to

mitigate, minimize, or avoid any loss or damage referred to in its Complaint, any recovery against Defendants must be reduced by that amount or eliminated.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff represents are barred, in whole or in part, because if and to the extent Defendants are found to have made false or misleading statements (which Defendants deny), the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources, and/or because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in Biogen's public disclosures, in the public disclosures of third parties, and/or in other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## NINTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

## TENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiff and class members through their investments.

39

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff or members of the class would be unjustly enriched if permitted to obtain any recovery in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the fraud on the market theory does not apply.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action because the requirements of Federal Rule Of Civil Procedure 23 are not met.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (i) amend or supplement their Answer, defenses, affirmative defenses, and all other pleadings, (ii) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate, and (iii) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

## JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

i)      Dismiss Plaintiff's claims against them with prejudice;

ii)     Determine that this action may not proceed as a class action and dismiss

all purported class allegations with prejudice;

iii)    Award Defendants the costs, disbursements, and attorneys' fees incurred

by them in defending this action; and

iv)     Award Defendants such other and further relief as the Court may deem

just and proper.

Dated:  March 30, 2026                      Respectfully submitted,
        Boston, Massachusetts

                                            /s/ Michael S. Hines
                                            James R. Carroll (BBO #554426)
                                            Michael S. Hines (BBO #653943)
                                            Maya P. Florence (BBO #661628)
                                            Yaw A. Anim (BBO #569512)
                                            SKADDEN, ARPS, SLATE,
                                               MEAGHER & FLOM LLP
                                            500 Boylston Street
                                            Boston, Massachusetts 02116
                                            (617) 573-4800
                                            james.carroll@skadden.com
                                            michael.hines@skadden.com
                                            maya.florence@skadden.com
                                            yaw.anim@skadden.com

                                            Counsel for Defendants
                                            Biogen Inc., Michel Vounatsos, and
                                            Alisha Alaimo

41